Martina Silas v. Appellant Pro Se I would like to save, if I can, five minutes for rebuttal. All right. Please watch the clock. To do that. Thank you so much. I think the main point in this case is that in the state of California, it's impossible to obtain a malicious prosecution judgment absent a finding of a subjective intent to harm. There's just no such thing as an accidental malicious prosecution, a reckless one. It has to be a subjective intent to harm. Before we get to the merits, I have some concerns about jurisdiction. So the Supreme Court in Bullard said a denial of summary judgment or remand is not final. So there's no jurisdiction. So help me understand how, in light of the ruling in Bullard, we have jurisdiction over the district court's determination that the grant of summary judgment was erroneous and the remand for additional fact-finding. Certainly, Your Honor. And the line of cases, the Scovus case and the Bonham Hall case, all state that this is treated, a bankruptcy final summary judgment in a bankruptcy court can be treated as a final judgment for appeal purposes. Because in this case, the court is, in fact, reviewing not what the BAP did, the Bankruptcy Appellate Panel, but it is, in fact, reviewing what the bankruptcy judge did. And I think the reason they have that flexibility is that the BAP, they're not Article III judges. And so the landmark fence, which is a post-Bullard case or only post-Bullard case on this, says remand for further fact-finding, we lack jurisdiction. And I can answer that easily, Your Honor, because in this case what we had was not a remand for further fact-finding. The only issue remaining in this case is a purely legal argument. Even the BAP said that. We are deciding this not on a factual finding, but what we're deciding is we're going to compare the requirements for the malicious prosecution judgment in the state court with what's required under 523. The BAP said willfulness is not the same as the malice in California under malicious prosecution law. He said it's close, but it's not the same. So if it remands to the bankruptcy court, doesn't the bankruptcy court have to determine whether the subjective intent, whether there was willfulness on the part of Mr. Arden, and isn't that a factual finding? I would say no, and this is why. That is why the error of the BAP would be such a gross miscarriage of justice in this case. Because if you read the Silas v. Arden opinion, there is just no question that the California Court of Appeal found that I had established a subjective intent to harm. Yes, a subjective intent to harm that Mr. Arden did. But you're saying we should look at the merits in order to decide our jurisdiction, and you know we can't do that. Quite the opposite. It's sort of a little bit of a catch-22. I think the problem is that the entire, we look at what would a remanded hearing look like in this case? What it would look like is the exact trial of the underlying case. And the reason that this court should have jurisdiction. So could I stop you there for a moment? Certainly. So you're saying on a remand, the bankruptcy court would then have to determine? There are no facts it could determine because that remanded hearing would just be, if we look at the declaration that Mr. Arden submitted to the court, it's just a declaration that rehashes all of the arguments he made in the state court. And I understand it's sort of a chicken and egg problem. But the problem with remanding. Your argument, if I understand correctly, is that if you prevail here in the circuit, there's really non-dischargeability that is determined as a matter of law. It's not a situation where you go back for a trial. So essentially not accepting jurisdiction would mean that it would go down, and then if you lose again you'll have to come up all over again? That is correct. And the problem is that even a remand in this case would violate the collateral estoppel rule. But if we disagreed with you on the merits, if we said that the BAP got it right, then it would have to go back and up again as well, right? So we might disagree with you on the merits. And for purposes of jurisdiction, we have to decide regardless of how we agree on the merits. I would argue that that long line, I think I cited about a 35-year line of cases, and the Supreme Court case used the word fact-finding, and I think that's the most important point here, is that what the BAP was remanding for was based sort of on a false premise by the BAP. But let's say that BAP got it right, okay, that in fact the willfulness issue was not necessarily litigated and determined in the malicious prosecution action. Let's just assume that BAP got it right. So now it goes back to the bankruptcy court. The bankruptcy court, I assume, would have to do a trial on the mental state of Mr. Arden in bringing the action, the malicious prosecution action, because it hadn't been actually determined in the state court. Is that correct? Why isn't that fact-finding? Well, the problem is that there can't be any fact-finding on it. Could you just answer my question? Why is a determination as to the mental state of Mr. Arden not fact-finding? I'd say that it would be. The mental state of Mr. Arden would be fact-finding, but that comes back to why it's so important for this court to exercise its flexible jurisdiction, because in order to come before this court and argue that collateral estoppel makes it completely unfair for me to go back and relitigate that, you're saying as a prerequisite to that I have to relitigate it and then come back here, and then this court might decide, well, wait a minute, the state court already decided this. It should be collateral estoppel. If we disagree with you on the merits, say, then the bankruptcy court would have to do additional fact-finding on the defendant's mental state. That's the fact-finding that we've said in Landmark Fence and other cases and the Supreme Court has said is what makes the opinion of the district court or the BAP not interlocutory. So if I understand your argument, you're saying because it's so clear that you should win on the merits, that in fact there is collateral estoppel, there can't possibly be a remand for fact-finding, but that assumes the conclusion on the merits. Do I misunderstand that? I would disagree respectfully only slightly, which is that the jurisdictional issue is that if there's a potential for this court agreeing with me on the merits. It doesn't have to be a foregone conclusion, but if there's a potential that this court would look at this and say, well, clearly this subjective intent to harm has been already decided, and ad nauseam in the state court, it would be unfair. If there's a possibility of that, there is jurisdiction, then it is treated as a final judgment. I didn't see that in Bullard. I mean, there may be some of our cases, but I didn't see that in Bullard. Bullard merely said remand for fact-finding and summary judgment. Denial of summary judgment is not a final decision, interlocutory. And I would say that this court can make a determination based on the BAP opinion that it wasn't, it really wasn't a remand for fact-finding. The way the BAP worded its opinion, it said we're making this decision, this decision turns just on looking at the statute in California and what the elements, and looking at the elements of 523A. This is a purely legal opinion that we're making. And if we agree, then what happens? And if you agree that it's a purely legal opinion. If we agree it's purely legal and the BAP got it right, then what happens? Then this court may take jurisdiction and state there's a potential. If we agree that, if we reach the merits, so say we said we have jurisdiction, we reached the merits, we agree with the BAP, the BAP was right, the willfulness finding was not collaterally estopped, then what happens? I'm sorry, if you did reach the merits? We reach the merits and we say that you lose. That in fact the willfulness finding was not collaterally estopped by the, or precluded by the malicious prosecution hearing. So just try to imagine that we agree with the BAP. Okay? And then what happens? Under that scenario, Your Honor, what I believe would happen, it then would be remanded and there would be a hearing where Mr. Arden would get to get up and give the same testimony he gave in the state court. Thank you. In some instances, the exact opposite testimony that he gave in the state court. But in the efficiency of justice and the flexibility that this court has to take jurisdiction under a bankruptcy case, even under the Supreme Court case, I'd say that there's just no fact finding. This is a case that can, you know, it started, I filed the lawsuit in the state court over eight years ago. And this court can make that determination. Counsel, the eight years certainly arouses my sympathies. I appreciate that. It's awful how long things can take when somebody uses bankruptcy. I would just say. Let me ask you about something else. Suppose we were to agree with you on the merits. We look at this language in the California Court of Appeal decision. It says the malice element of the malicious prosecution tort goes to the defendant's subjective intent. And then we look at its language that with respect to malice, the evidence established that Arden's failure to investigate the merits, and even when confronted with unequivocal evidence, not supported by the facts, sufficient evidence, supports the jury's verdict. So suppose we read that and said, you're right, the BAP was wrong. There is collateral estoppel. She would just be retrying the same case. If we said that, then I imagine we would say that within our interpretation using our pragmatic and flexible approach, the bankruptcy court made a final judgment. The BAP decision is review de novo and was mistaken, and we have jurisdiction. Does all that, including our pragmatic, flexible approach, survive Bullard? I believe it. And I apologize I didn't address Bullard in my briefs as I should. But it does to the extent that, again, that word fact-finding is important, that this court determined that as a matter of law, the state court decided that subjective intent issue, then it would not be a remand for fact-finding. It would just be a remand for I don't know what the bankruptcy judge said. I don't know what you want me to do. Do you want me to argue and violate the Rooker-Feldman doctrine, essentially, and find that the California Court of Appeal was wrong? She essentially said there was really nothing for her to do left on the case. So I would say it does survive, because that would be this court's decision would be really the final decision. So we can still apply our pragmatic, flexible review? I would state that the court may treat the bankruptcy judgment as a final summary judgment because it was a final order granting judgment in my favor. My problem is I'm just not sure whether our pragmatic, flexible approach is still the right approach to take after Bullard. And I appreciate that. And what I would ask, Your Honor, if the court would indulge, if we could submit a letter brief just solely addressed to that case before the court makes its decision on this, I would appreciate it. You just have 50 seconds left. Thank you, and I'll try to save it. Thank you. Thank you, Your Honors. May it please the Court, I'm James Arden, representing myself, and I have my co-counsel Stephen Fox here with me today. The problem that I think is infecting the appeal, both the jurisdictional arguments and the merits of the appeal were to go forward, are two misapprehensions, two main misapprehensions. One is as to the fact that this was a summary judgment, not a trial judgment, and all of the arguments about whether there would be a retrial and things, I can't see what would happen if we say we don't have jurisdiction and it goes back, except that the plaintiff tries the case again that was already tried in California. As a practical matter, I don't see what else can occur. Tell me the distinction and what would be at issue so that I can see that there's some difference between the case that was already tried to a final judgment and appeal and affirmance and the case that would be tried in the bankruptcy court. Thank you, Your Honor. The difference is that there was really no evidence brought out at the trial in the malicious prosecution case as to my state of mind. Well, the California Supreme Court said it can rarely be proved by direct evidence. It's ordinarily proved by circumstantial evidence, and she had plenty of that to show the subjective intent. I mean, that was already decided, this, what is it, 213 Calat, 4th night at page 91, and it says the malice element goes to subjective intent, and they say she had sufficient evidence that was tried. So I want to know what different issue and evidence will there be in the trial that takes place under the Bath decision. Well, in the first case, there was no issue at the malicious prosecution trial about the standard of willful and malicious under federal law. The concept never came up. What's the difference between that and malice under state law that did come up and was tried to a conclusion? Because the judgment in the malicious prosecution case came about without necessarily examining my state of mind. It was based on the action that was filed by my client before I represented him, and we took issue, as we mentioned in our... Wait a minute. They say that there are three elements to malicious prosecution. I'm looking at the Calat decision, and the third element is initiated with malice. Yes, Your Honor. In fact, we're getting off point, but I didn't initiate the action that we're talking about, even though it is suggested that I did, but the record's clear. I substituted in after the action was filed by my client as a procurer. So I never initiated the action, and all of these authorities that discuss about how you show malice by... Well, that would have gotten you off in California. If initiated was interpreted as you're now urging, you would have won in the California Court of Appeal because they said that the state action has to be initiated with malice. So they have already concluded that you did initiate the action with malice. You're right, Your Honor, as a legal opinion and as a holding, but that illustrates the discrepancy between the facts that get printed up in an appellate opinion versus the facts that could be shown of record, and in fact... Maybe so, but we're bound by the Calat decision. Even if it's wrong, we're bound by it. Oh, I accept that, Your Honor, and as much as I keep saying I want to retry the malicious prosecution case, I don't. I accept the holding, however. Okay, so now let's get back to what are you going to show that's different from what was at issue and concluded in the state case? Well, my state of mind, which is the issue according to all of the Ninth Circuit jurisprudence. If, in fact, my state of mind had been inquired into in the prior trial, there would be a record, there would be evidence, and that would be available to Ms. Silas to show to try and support her claim that these issues were tried. Well, state of mind is always done absent somebody's own statement regarding their state of mind. It's always done by inference, and those inferences were drawn by the court of appeal opinion. What are we to do with that? Is there evidence that you're saying you'll present that demonstrate a different state of mind than what the California court of appeal has already found to have been your state of mind based on the inferences drawn from the evidence presented in that trial? Yes, Your Honor, because, and I don't mean to sound like I'm arguing with the court, but the court of appeal didn't make factual findings. They were simply reporting what they thought were findings from three other opinions. It states in that opinion that it's the facts. So for willful injury, for 523A6, that's what we're talking about, for the willfulness, there would have to be shown that you had a subjective intent to harm Ms. Silas or a subjective belief that harm is substantially certain. Now, did the malicious prosecution case, the Cal App case, did it address either of those issues, whether you had a subjective intent to harm or a subjective belief that harm is substantially certain? Was there anything specifically on those points? Not at all. Anywhere in the record, Your Honor, of that malicious prosecution case. Well, what about the California court's finding that the evidence established that Arden's failure to investigate the merits of the applicability of the fraudulent misrepresentation exception and his failure to withdraw allegations of misappropriation, even when confronted with unequivocal evidence, the allegations were not supported by the facts? That sounds to me like factual findings based on actual evidence rather than just a summary of legal propositions from other cases. It sounds like it, Your Honor, and I'm not here to argue it, but it's wrong. There was evidence in the record showing my investigation, and I put some of that evidence into the papers going to the summary judgment motion here. Let's assume we're bound by that factual finding. Can't we reasonably infer that that shows a subjective intent to harm or reasonably certain that harm would occur? I would say you could go that far, perhaps, but not according to the standards. I mean, it might look that way, but the standards under 523A6 are different, and willful and malicious are two different things. The argument set forth by the appellant is that really willful and malicious means the same thing as just malicious. If we find that the BAP was wrong in focusing too much on the instructions and not on the actual findings from the trial in state court, why wouldn't we exercise jurisdiction in this case if we continue with our pragmatic approach to appellate jurisdiction? Because what's being lost and overlooked here is one of our most important rights in all of our jurisprudence, the right to trial. This was a summary judgment, and I mentioned this is one of the conclusions. Wait a minute. In the state court, I'm not asking about the bankruptcy court now. I'm asking about the state court. Did you get a jury trial? In the state court, yes. That's what I thought. I thought you had a jury trial. Yes. Okay. I did in the state court. That's why I asked. And there was an appeal. However, the appeal in that state court did not involve the merits of the finding of the malice. It had to do with procedure. You know, I've been a little distracted by the word finding that's been used repeatedly. As I remember, when cases are bench tried, the trial judge, whether in state or federal court, at least in Alaska, writes a numbered list of findings of fact. And in a jury trial, except where there are special verdicts, there's usually a general verdict, and there are no findings of fact. And the appellate court then also never makes findings of fact. It determines whether if it was a bench trial, whether the evidence supported the findings, and if it was a jury trial, whether the instructions were correct and whether a reasonable jury could have reached that decision on the evidence. And it looks like you had a jury trial. The appellate court said, well, here are the elements. The instructions were okay to the extent they were challenged. I don't recall if they were. And there was evidence to support each of the elements, one of which was subjective intent. I don't understand why you're talking about absence of findings of fact or any of that. Well, Your Honor, those records, what you're just discussing, is exactly what I was urging must be brought into the bankruptcy court. And I brought in what I could. Well, you don't get to retry a case in bankruptcy court if it's already been tried to a final judgment, appealed and affirmed in state court. But your argument, the malicious prosecution case is definitely not the same case as whether I acted willfully and maliciously under 523A6. In fact, my point is this, and I've not had a chance to make it because I didn't have a trial. Okay, what's the difference? The difference is my state of mind when I took over, and I've not had a chance to explain this, but my state of mind was the same as every other lawyer's state of mind that takes over a case for a client. You're not thinking, well, I'm doing this so I can injure the opponent. You're taking it on because you're asked for help by someone. Yeah, you're asked for help by a client who wants to injure the opponent. But that kind of intent doesn't get transferred for a malicious prosecution case. The standard for a lawyer. You think even if it would be wrong for a lawyer to initiate a case for someone who told the lawyer, I just want to hurt her, it would be okay for a lawyer to take over from another lawyer in that circumstance and pursue the same meritless case? Not at all, Your Honor. No. But I thought that's what you just said. Oh, I'm sorry. I didn't mean to say that. Not at all. No, my point is not that there is any indication anywhere that anyone did file a case to injure Ms. Silas, but what I was trying to say is I didn't initiate the case. I was asked to substitute in by the client, the pro per who had filed it. He didn't explain to me or ever even suggest that he was doing it to her. He lost six and three quarter million, six and a half million dollars, and he thought he had been a victim of malpractice. So did I when I looked at what happened. But the fact is that I was trying to say that. Okay, let's get back to what would be different about the subjective malice element that you lost on in state court but that you think you could still win on in federal court. Thank you, because the issue in the federal court is whether I acted with a willful and malicious intent to injure Ms. Silas. Not a subject that ever came up in the state court. I can show it never came up, and it is unfair to have granted a summary judgment. So how do you get around, if it didn't come up and you could show it didn't come up, how do you get around this language on page, I've got it on page 267. I think it's 91 of Cal Act. I'm sorry, Your Honor, what is it that you're. Where they say that the malice element of malicious prosecution goes to subjective intent. Then they say what the intent has to be. I don't understand how you're saying that what you'd be proving in federal court is different from that. Well, because it goes to subjective intent, and we know under Carrillo v. Sioux and the Ninth Circuit, that is the critical inquiry, what was my state of mind. The fact is the judgment was entered in the malicious prosecution case without ever considering whether I acted willfully and maliciously. It is not a matter of retrying it, and this goes to the fact that the appellate opinion, again, wasn't stating facts that were found in the malicious prosecution trial. Those are facts that you show by the jury instruction. What they say is with respect to malice, this is the Cal Act decision, with respect to malice, the evidence established that Arden's failure to investigate the merits of applicability of the fraudulent misrepresentation exception, that was the exception to preclusion by workers' comp, and his failure to withdraw allegations of misappropriation, that was her supposedly stealing money he was entitled to in the settlement, even when confronted with unequivocal evidence that the allegations were not supported by the facts, sufficient evidence supports the jury's verdict. What's different that you're going to try to prove in federal court? Your Honor, this goes to what I was trying to say is the second misapprehension here. There's a failure to distinguish between what is subjective and what is objective. The argument that an appellate opinion sets the standard for whether I acted with a subjective intent or not, that's an objective argument. The subjective means what was on my mind, and there's no way to ask what was on my mind by concluding what was on my mind from an appellate opinion. So are you saying that it could be objectively meritless, which is what they would have to find for malicious prosecution, but subjectively you brought it with an intent to harm? That's what I'm saying. I was acting in good faith, trying to represent my client to the best of my skills. I never did anything intending to hurt Ms. Silas as opposed to trying to help my client, and I haven't yet had a trial at which I've been able to explain that. Now, I shouldn't have to have a summary judgment entered on that subject without, like I said, having the right to a trial, and if the record was... You're over time now, so please wrap up. Thank you. I was just going to say if these issues had already been discussed at the trial, then there will be a record that Ms. Silas can bring in to win a trial if she could again, and it's unfair to deny a trial when the objective subject of issue is being confused here and conflated. Thank you. Thank you. I think you have a few seconds left. May I respectfully request to tack on one extra minute? I indulge the Court on that. Why don't you start, and if we have additional questions, we'll let you go on. On a couple of things, what Mr. Ordon is arguing are all of this, the state of mind, that's exactly what was decided in the underlying court, so the subjective intent to harm under the Downey case is nearly verbatim to the subjective intent to harm under the Jersick case, which is a bankruptcy case. Malicious prosecution requires an act deliberately done for the express purpose of causing harm or with knowledge that damage is highly probable or substantially certain to occur, and the California Supreme Court states knowingly prosecuting a meritless case is certain to harm. So the arguments are, again, just being repeated. It's the same trial. Quickly, on the procedural issue, because I think that's important, this jurisdictional issue, it's not even just a pragmatic approach. We have a situation here where we have a bankruptcy judge who has correctly stated, there is nothing here for me to try because, and she even repeated the facts, that Mr. Ordon knew this had no merit and continued to prosecute it. It's already been decided. So what, from a practical standpoint, would happen if it's remanded is that that judge is going to be forced to try a case that she already, she's already very clearly indicated there's nothing left to try. I think we have your argument on that. I would appreciate that. Okay. Thank you. And it would be really a gross miscarriage of justice. This is exactly what collateral estoppel was designed for, and this case is almost the poster for collateral estoppel, where we have two state court appeals. Okay. Your time has expired. Thank you. Thank you so much. All right. The case of Silas v. Arden.
judges: Kleinfeld, Ikuta, Nguyen